IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD MULIEK KEARNEY**  :  **Plaintiff**  :  :  v.  :  :  **MICHAEL J. DAVIS;**  :  **CHARLES E. GLEICHMAN;**  :  **OFFICER KANE; and**  :  **DAVID J. RUSH,**  :  :  **Defendants**  : | **Civil No. 1:13-CV-1852**  **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

In this Section 1983 civil rights action, Plaintiff, who is currently confined at the State Correctional Institution at Houtzdale and is proceeding *in forma pauperis*, has sued four law enforcement officers asserting violations of his rights protected by the Fourth and Fourteenth Amendments.  Presently before the court is a motion filed by three of the four defendants, which seeks dismissal for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).  (Docs. 29 & 40.)  The fourth defendant, who was added to this action in Plaintiff's amended complaint, has not yet been served.  Because the court finds that the favorable termination requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's claims under 42 U.S.C. § 1983, it will grant the motion to dismiss filed by the three original defendants and will further dismiss the complaint as to the fourth defendant, as required by 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

**I.     Background**

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory*

*Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Thus, for the purposes of the motion *sub judice*, the court only considers the allegations contained in the amended complaint and exhibits submitted in support thereof (Docs. 1 & 38) and will accept as true all well-pleaded factual allegations contained therein. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). It is important to note that Plaintiff's amended complaint was filed with a complete disregard for the Middle District of Pennsylvania Local Rules and orders of this court, inasmuch as the amended complaint references the original complaint and is thus not complete in and of itself. (*See* Doc. 39; *see also, e.g.*, Doc. 33 (incorporating dictates of Local Rule 15.1 and indicating that an amended complaint must be complete in and of itself).) Due to Plaintiff's pro se status, the court will turn to the properly pleaded portions of Plaintiff's amended complaint despite the document's failure to conform to the Local Rules of Court and unambiguous instructions set forth in prior orders.

### A.    Facts

Plaintiff, a state inmate acting pro se, asserted constitutional claims related to the legal processes which led to his sentence of 60 to 120 months of incarceration following his convictions on May 29, 2012,[1] in the Fulton County Court of Common Pleas for robbery of a motor vehicle[2] and theft by unlawful

---

[1] Plaintiff inaccurately states that a verdict was returned on the charges on April 27, 2012. (Doc. 39, ¶¶ 9-10.) The public records, attached to Defendants' motion to dismiss, clearly demonstrate that the verdict was returned on May 29, 2012. (Doc. 32-1, p. 3 of 7.)

[2] Plaintiff inaccurately states that he was acquitted of one count of robbery of a motor vehicle. (*See* Doc. 39, ¶ 9.) Indeed, the public records, attached to Defendants' motion to dismiss, clearly demonstrate Plaintiff was convicted of the lead offense, to wit, robbery of a motor vehicle. (Doc. 32-1, p. 3 of 7.)

taking, arising from his actions on June 30, 2011. (*See* Doc. 39, ¶ 11.) Plaintiff presumably alleges that his identification, arrest, prosecution, conviction, and resulting detention were not based upon probable cause and were in violation of his constitutional rights. Specifically, Plaintiff alleges that, on July 1, 2011, David J. Rush ("Defendant Rush"[3]), presumably a state police officer stationed at the McConnellsburg Pennsylvania State Police Barracks ("McConnellsburg Barracks"), initiated an investigation into the robbery of a motor vehicle, following a report from Eric Light, a manager of the Chambersberg Enterprise Rental Car Company ("Enterprise"), that a firearm had been discovered in a car that had been rented by Ashley Ramp ("Ramp"). (*Id*. at ¶¶ 11, 16-17.) Upon interviewing Ramp, who was present at Enterprise at the time of Defendant Rush's arrival, Defendant Rush learned that two males, identified at that time only as "B" and "Tone" had robbed her the previous evening. (*Id*. at ¶ 18.) Defendant Rush relayed certain information to Michael J. Davis ("Defendant Davis"), a state police officer also stationed at the McConnellsburg Barracks, who, at the direction of David Cain ("Defendant Cain"),[4] filed charges against Plaintiff and a Marc Steven Dorce, a co-defendant in the underlying state criminal action, on July 2, 2011. (*Id*. at ¶ 11.) Plaintiff takes exception to the method in which Defendant Davis identified him as "B," namely that Defendant Davis received information from Charles E. Gleichman ("Defendant Gleichman"), a supervising corporal stationed at the McConnellsburg Barracks, that

---

[3] Defendant Rush has not yet been served. Nevertheless, the court will address him as a defendant in this action.

[4] Although Plaintiff names "Officer Kane" as a Defendant in this action in the caption, it is apparent that Plaintiff seeks to sue David Cain, presumably a lieutenant with the Pennsylvania State Police. (*See* Doc. 39-1, p. 3, ¶ 7 of 8.)

"B" was Plaintiff (*see* Doc. 39, ¶ 21; Doc. 39-1, p. 2 of 8 ("Cpl. GLEICHMAN was able to identify 'B' as [Plaintiff], also known as "Benny.")), despite Ramp's preliminary hearing testimony that she did not know the identity of "B" at the time she was interviewed by Rush (*see* Doc. 39, ¶ 22; *see also* Doc. 39-1, p. 5 of 8). According to Plaintiff, because the magisterial district judge was not informed of the "true origin of the investigation and undisclosed information," he could not make a "'competent' determination if [sic] probable cause existed." (Doc. 39, ¶ 36.) Indeed, Plaintiff apparently takes exception with the defendants' collaborative effort which ultimately led to a warrant being issued for his arrest.

        Plaintiff further names Defendant Gleichman as a defendant in this action due to Defendant Gleichman's "encourag[ing] and condon[ing] . . . the unlawful implication of Plaintiff in the crime alleged" (*id*. at ¶ 39), which he avers was in a "reckless disregard for the truth" (*id*. at ¶ 43), and done despite "an unreasonable risk . . . [that Plaintiff would be] unlawful[ly] seiz[ed]" (*id*. at ¶ 41). Moreover, Plaintiff argues that the "show-up" procedure, through which Ramp identified Plaintiff, was unnecessarily suggestive (*see id*. at ¶¶ 45-46), and was conducted without the presence of Plaintiff's counsel (*see id*. at ¶¶ 44-46). As relief for these alleged constitutional violations, Plaintiff seeks declaratory[5] relief and both compensatory and punitive damages. (*Id.* at ¶¶ 64-68.)

---

[5] Here, Plaintiff seeks declaratory relief that Defendants violated his constitutional rights to secure his conviction. Because requests for a declaratory judgment that a conviction is unconstitutional attack the validity of the fact or length of confinement, these claims are not cognizable until the conviction or sentence has been overturned. *See Schreane v. Seana*, 506 F. App'x 120, 123 (3d Cir. 2012) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)) (explaining that the *Heck* bar "not only applies to requests for money damages, but also to requests for equitable and declaratory relief"). Although he does not specifically request release, the finding of such declaratory relief in Plaintiff's favor would show that release is required.

### B. Procedural History

Plaintiff initiated this action by filing a complaint on July 8, 2013. (Doc. 1.) Plaintiff asserted his claims against Defendant Davis, Gleichman, and Cain in both their official and individual capacities. (*Id*. at ¶ 7; Doc. 39, ¶ 5.) The court granted Plaintiff's motion for leave to proceed *in forma pauperis* and directed that a summons be prepared and issued on October 23, 2013. (*See* Docs. 16 & 17.) Defendants Davis, Gleichman, and Cain timely waived service. (Doc. 26.) On November 27, 2013, Plaintiff filed a request for entry of default (Doc. 24), which the court denied as premature on December 2, 2013 (Doc. 25).

On December 13, 2013, Plaintiff filed a motion to amend his complaint, which was noncompliant with Middle District of Pennsylvania Local Rule 15.1, inasmuch as it contained only two vague paragraphs and failed to contain a proposed amended complaint. (*See* Doc. 27.) Despite Plaintiff's noncompliance and because such a motion was unnecessary due to the operation of Federal Rule of Civil Procedure 15(a)(1)(B), the court deemed Plaintiff's motion moot and advised Plaintiff that he may file his amended complaint as a matter of course no later than 21 days after service of Defendants Davis, Gleichman, and Cain's responsive pleading or motion filed under Rule 12(b), (e), or (f), whichever was earlier. (Doc. 28.) On January 6, 2014, Defendant Davis, Cain, and Gleichman filed a joint motion to dismiss for failure to state a claim upon which relief could be granted (Doc. 29), followed by a brief in support thereof on January 15, 2014 (Doc. 32). In response to a request from Plaintiff filed on January 8, 2014 (Doc. 30), the court clarified its previous order regarding Plaintiff's options, instructing that he could

either file an amended complaint that was complete in all respects or file a response to the pending motion to dismiss (*see* Docs. 31 & 33).

On January 28, 2014, Plaintiff filed a motion to stay the proceedings. (Doc. 35.) The court denied the stay but granted Plaintiff an extension of time until February 14, 2014, in which he was to comply with the previous orders. (Doc. 36.) Significantly, and in light of similar conduct in several other cases that Plaintiff had initiated, *see Kearney v. Hibner*, Civ. No. 1:13-cv-1892 (M.D. Pa.); *Kearney v. Wadsworth*, Civ. No. 1:13-cv-1850 (M.D. Pa.); *Kearney v. Sheffield*, Civ. No. 1:13-cv-1851 (M.D. Pa.), the court also set forth the consequences of not filing an opposing brief to a pending motion to dismiss. (*Id.*) On February 14, 2014, Plaintiff filed another motion for an extension of time (Doc. 37), which the court again granted, extending the deadline to February 28, 2014 (Doc. 38). Significantly, and again in light of similar conduct in several other cases that Plaintiff had initiated, *see Kearney v. Hibner*, Civ. No. 1:13-cv-1892 (M.D. Pa.); *Kearney v. Wadsworth*, Civ. No. 1:13-cv-1850 (M.D. Pa.); *Kearney v. Sheffield*, Civ. No. 1:13-cv-1851 (M.D. Pa.), the court advised Plaintiff that no further extensions of time would be granted. (*Id.*)

On March 5, 2014, Plaintiff filed an amended complaint, which was noncompliant with the Local Rules and court orders, inasmuch as it was not complete in and of itself, but rather only referenced the original complaint. (Doc. 39.) The amended complaint also added Defendant Rush as a party to the action. (*See id.*) Defendant Rush has not yet been served. On March 7, 2014, Defendants Davis, Gleichman, and Cain filed a renewed motion to dismiss, indicating that they elected to rely upon the grounds set forth in their January 15, 2014 brief in support

of their original motion. (Doc. 40.) On March 21, 2014, Plaintiff filed yet another motion seeking an extension of time (Doc. 41), which the court denied by order dated March 24, 2014 (Doc. 42). Based on the record, this matter has been adequately briefed and is appropriate for disposition.

**II.        Legal Standards**

      **A.        Pro Se Pleadings**

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant, especially when the complainant is a pro se litigant. *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). Even liberally construing the factual averments contained therein, Plaintiff's complaint fails to state a claim upon which relief can be granted.

      **B.        Prison Litigation Reform Act**

Per the Prison Litigation Reform Act ("PLRA"), district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(a). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A. This action is subject to *sua sponte* screening for dismissal under these statutes

because Plaintiff is proceeding *in forma pauperis*, he is a prisoner, and he seeks redress from governmental employees.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) [and 28 U.S.C. § 1915A(b)(1)] is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012). Thus, the court will simultaneously address whether Plaintiff's complaint adequately states a claim under both the screening provisions of the PLRA and the motion to dismiss standard of Rule 12(b) against all four named defendants.

### C. Failure To State a Claim

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a), which requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). While a complaint need not contain detailed factual allegations, it must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Thus, when adjudicating a motion to dismiss for failure to state a claim, the court must view all the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all reasonable

inferences that can be derived therefrom. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). However, the court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Ultimately, the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Iqbal*, 556 U.S. at 679. "The plausibility standard requires 'more than a sheer possibility' that a defendant is liable for the alleged misconduct." *Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012). The complaint must do more than allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Steedley v. McBride*, 446 F. App'x 424, 425 (3d Cir. 2011). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alterations in original) (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

To evaluate whether allegations in a complaint survive a Rule 12(b)(6) motion, the district court must initially "take note of the elements a plaintiff must plead to state a claim." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). Next, the court identifies allegations that "are no more than conclusions" and thus are "not entitled to the assumption of truth." *Id.* Lastly, "where there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

Plaintiff attached pages of exhibits to his pleadings and Defendants attached several exhibits to their motion to dismiss, all of which are in the nature of public records. Although the court's inquiry into the sufficiency of the complaint is typically confined to the complaint itself, the use of judicially noticeable facts does not convert a motion to dismiss for failure to state a claim into a motion for summary judgment. *Pryor v. National Coll. Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) ("[C]ertain matters outside the body of the complaint itself, such as exhibits attached to the complaints and facts of which the court will take judicial notice, will not trigger the conversion of [a Rule] 12(b)(6) motion to dismiss to [a Rule] 56 motion for summary judgment.").

### III. Discussion

The court interprets Plaintiff's complaint as asserting a Section 1983 claim for malicious prosecution/false arrest/false imprisonment. Section 1983 of Title 42 of the United States Code offers private citizens a means to redress violations of federal law committed by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors." *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*,

536 U.S. 273, 284-85 (2002)).  To establish a claim under this section, a plaintiff must demonstrate that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by either the Constitution or the laws of the United States.  *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

The essence of Plaintiff's claims is that Defendants violated his rights to be free from unreasonable seizures, which includes the right to be free from malicious prosecution, false arrest, and false imprisonment, inasmuch as he claims that Defendant Davis "withheld highly relevant facts" from the affidavit of probable cause, which impeded the magisterial district judge's ability to assess whether probable cause existed for Plaintiff's arrest.  An arresting officer violates a person's rights when the officer arrests a person without probable cause.  *See Hanks v. County of Del.*, 518 F. Supp. 2d 642, 648 (E.D. Pa. 2007) (citing *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)); *see also Pierson v. Ray*, 386 U.S. 547, 556-57 (1967) (acknowledging that a plaintiff may recover civil damages for false arrest under Section 1983 if the plaintiff is able to establish the arresting officers lacked good faith and probable cause).  When an officer does make an arrest without probable cause, the arrestee may also assert a Section 1983 false imprisonment claim based on any subsequent detention resulting from that arrest.  *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995).  Probable cause exists when the facts and circumstances within an arresting officer's knowledge are sufficient to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.  *Id.* at 634.

### A.     **Favorable Termination Requirement**

Defendants argue that this action should be dismissed in accordance with *Heck v. Humphrey*, 512 U.S. 477 (1994). The court agrees. Plaintiff seeks to bring a civil rights action premised on his imprisonment, which is based upon valid state criminal convictions that have not been set aside or overturned. This he cannot do. To the contrary, it is well-settled that an essential element of a civil rights false arrest or imprisonment claim is that the underlying criminal case must have been terminated in favor of the civil rights claimant. Therefore, where, as here, the plaintiff brings a malicious prosecution or false arrest claim based upon a state case that resulted in a conviction, the plaintiff's claim fails as a matter of law. In *Heck*, the Supreme Court held that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to [Section] 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction of confinement." *Id.* at 486. The Third Circuit has aptly observed in this regard:

> The Supreme Court has "repeatedly noted that 42 U.S.C. § 1983 creates a species of tort liability." Given this close relation between § 1983 and tort liability, the Supreme Court has said that the common law of torts, "defining the elements of damages and the prerequisites for their recovery, provide[s] the appropriate starting point for inquiry under § 1983 as well." The Supreme Court applied this rule in *Heck* to an inmate's § 1983 suit, which alleged that county prosecutors and a state police officer destroyed evidence, used an unlawful voice identification procedure, and engaged in other misconduct. In deciding whether the inmate could state a claim for those alleged violations, the Supreme Court asked what common-law cause of action was the closest to the inmate's claim and concluded that

> "malicious prosecution provides the closest analogy . . . because unlike the related cause of action for false arrest or imprisonment, it permits damages for confinement imposed pursuant to the legal process." Looking to the elements of malicious prosecution, the Court held that the inmate's claim could not proceed because one requirement of malicious prosecution is that the prior criminal proceedings must have terminated in the plaintiff's favor, and the inmate in *Heck* had not successfully challenged his criminal conviction.

*Hector v. Watt*, 235 F.3d 154, 155-56 (3d Cir. 2000) (internal citations omitted).

Thus, it is a legal prerequisite to a civil rights claim in this setting based upon allegations of false arrest or malicious prosecution that the plaintiff show that the criminal proceedings have terminated in his favor. Indeed, it is well-settled that:

> To prove malicious prosecution under [S]ection 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) *the criminal proceeding ended in plaintiff's favor*; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding.

*Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003) (emphasis supplied). As the Third Circuit has observed:

> The purpose of the favorable termination requirement is to avoid "the possibility of the claimant . . . succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." Consistent with this purpose, we have held that a prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy

> the favorable termination element. Accordingly, a
> malicious prosecution claim cannot be predicated on an
> underlying criminal proceeding which terminated in a
> manner not indicative of the innocence of the accused.

*Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009) (internal citations and footnote omitted).

In this case, Plaintiff's prior state criminal prosecution did not terminate favorably for him in a way which "indicate[d] the plaintiff's innocence of the alleged misconduct underlying the offenses charged," *Kossler*, 564 F.3d at 188, because Plaintiff was convicted in the state case of robbery of a motor vehicle and theft by unlawful taking and sentenced to 60 to 120 months of imprisonment. (*See* Doc. 32-1, pp. 3-4 of 7.) The essence of Plaintiff's federal claims is that Defendants Rush, Davis, and Cain engaged in an improper investigation, which resulted in a "recklessly false" affidavit of probable cause being submitted to the magisterial district judge that was used to secure Plaintiff's arrest. The basis of Plaintiff's claims ultimately relates to the method by which Plaintiff was identified as "B," namely that it was Defendant Gleichman – rather than the victim – who presented the true identity of the alleged perpetrator. To find fault here would be preposterous. Law enforcement officers have many tools at their disposal, including their own knowledge. Here, the record establishes that Plaintiff was known to Defendant Gleichman before this incident. The fact that Plaintiff was known to the victim only as "B" rather than his legal name, *i.e.,* "because [Plaintiff] wouldn't give anyone his last name" (Doc. 39-1, p. 5 of 8), does not prevent officers from identifying Plaintiff by his known pseudonym. Indeed, it was Plaintiff's intention to conceal his true identity by commonly using his alias. The fact that Ramp may not

have known "B's" legal name does not prevent the officers from arresting the individual whom they know to use the alias. Using an alias does not shield a perpetrator from prosecution.

Furthermore, Plaintiff's challenge to the alleged unconstitutional identification procedure utilized by Defendant Gleichman is without merit. It is well established that the use of unreliable identification evidence obtained by police through unnecessarily suggestive procedures violates a defendant's right to due process. *See Neil v. Biggers*, 409 U.S. 188, 199 (1972). This is a matter that may have been – and quite possibly was – litigated during the underlying criminal proceedings. Because judgment in favor of Plaintiff on a claim arising from an unconstitutional identification procedure would imply the invalidity of Plaintiff's convictions, any claim related to the improper identification procedure is barred by *Heck*. If Plaintiff believes there was a violation of his rights which led to conviction, avenues exist through which he may pursue these claims. A Section 1983 action, however, is not one of them based on the posture of this case.

Plaintiff's challenges each relate to the method of investigation and manner by which he was identified underlying his arrest and prosecution. To the extent Plaintiff contends that he was not the individual who committed the acts for which he was charged, the trier of fact clearly did not agree. Indeed, it is evident from the transcripts attached to Plaintiff's complaint that his attorney during the state criminal trial challenged whether Plaintiff was the individual identified by the victim as "B." (*See, e.g.*, Doc. 39-1, p. 5 of 8.) Plaintiff was convicted of the offenses for which he was charged in relation to his actions on June 30, 2011. The favorable termination rule applies because Plaintiff's federal lawsuit necessarily

calls into question the validity of his convictions, as his civil suit is premised on unconstitutional convictions or sentences that have not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 487. Since "one requirement of malicious prosecution is that the prior criminal proceedings must have terminated in the plaintiff's favor," *Hector*, 235 F.3d at 156, the fact of Plaintiff's conviction on these charges defeats any federal civil rights claim based upon false arrest or malicious prosecution in this state case and compels dismissal of these federal claims. In short, Plaintiff's complaint is based upon the fundamentally flawed legal premise that he can sue state officials for false arrest and imprisonment even though he stands convicted of the crimes charged against him. Because this premise is simply incorrect as applied to the facts here, Plaintiff's complaint is insufficient as a matter of law and fails to state a claim upon which relief can be granted. Accordingly, the court will dismiss Plaintiff's claims insofar as the complaint challenges the conduct of Defendants during the investigation of the crimes for which Plaintiff was convicted.

### B. <u>Supervisor Liability</u>

Additionally, Plaintiff names Supervising Corporal Gleichman as a defendant in this action on the basis of his supervisory authority. Defendants contend that the facts alleged do not establish liability as to this individual. For the following reasons, the court agrees with Defendants, and any claim predicated on Defendant Gleichman's supervisory status will be dismissed from the action.

Section 1983 creates a cause of action based upon personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation. *See Santiago*, 629 F.3d at 128-29; *Iqbal*, 556 U.S. at 693 ("[E]ach Government official . . . is only liable for his or her own misconduct."). Accordingly, liability under Section 1983 may only be based upon a defendant's personal involvement amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). "Liability may not be imposed under Section 1983 on the principle of respondeat superior." *Hetzel v. Swartz*, 909 F. Supp. 261, 264 (M.D. Pa. 1995) (citing *Hampton*, 546 F.2d at 1082). Therefore, to survive a Rule 12(b)(6) motion, the complaint must contain averments establishing each defendant's involvement in the conduct that caused a violation of Plaintiff's constitutional rights. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Applicable to the matter *sub judice*, "a supervisor may be personally liable . . . if he or she . . . , as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *Santiago*, 629 F.3d at 129 (citing *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)).

Plaintiff has not alleged facts in his complaint from which it can be reasonably inferred that the personal conduct of Defendant Gleichman violated Plaintiff's constitutional rights. *See supra* Part III.A (finding that Defendant Gleichman's identifying "B" as Plaintiff was insufficient to establish Section 1983 liability). Additionally, Plaintiff has not alleged facts in his complaint from which it can be reasonably inferred that Defendant Gleichman had knowledge of and acquiesced in his subordinates' alleged violations of Plaintiff's constitutional rights.

As discussed *supra*, Part III.A, Plaintiff cannot maintain an action where the success of that action would implicitly require the invalidation of his criminal conviction. Thus, any claim that Defendant Gleichman knew of and acquiesced in the remaining defendants' actions necessarily includes, as an element, an actual violation at the hands of the supervisor's subordinate. Because Plaintiff cannot show such a violation, he cannot maintain an action on the basis of supervisory liability. Accordingly, any claim against Defendant Gleichman on the basis of supervisor liability will be dismissed from this action.

### IV.     Conclusion

Based on the foregoing, the court finds that a ruling in favor of Plaintiff in this Section 1983 civil rights litigation would necessarily imply the invalidation of Plaintiff's convictions, which remain valid at this time. Thus, these claims are not cognizable due to the favorable termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Accordingly, the court concludes that Plaintiff's complaint fails to state a claim upon which relief can be granted and will dismiss Plaintiff's complaint in its entirety.

An appropriate order will issue.

                                                            S/SYLVIA H. RAMBO
                                                            United States District Judge

Dated: May 16, 2014.